**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-7638**

---

AHMED R. RUCKER,

    Plaintiff - Appellant,

  v.

LT. GEORGE HARRISON, II, Individual and Official Capacity,

    Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George J. Hazel, District Judge. (8:16-cv-00371-GJH)

---

Submitted: July 31, 2017          Decided: August 7, 2017

---

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Ahmed R. Rucker, Appellant Pro Se. Thomas E. Dernoga, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmed R. Rucker, a Maryland prisoner, filed suit against correctional officer Lieutenant George Harrison, II, in his individual and official capacities, under 42 U.S.C. § 1983 (2012), alleging that Harrison retaliated against him for filing grievances complaining about Harrison's conduct. The district court granted summary judgment to Harrison, finding that (1) sovereign immunity barred the claims against Harrison in his official capacity; (2) qualified immunity barred Rucker's First Amendment retaliation claim against him in his individual capacity; and (3) Rucker's retaliation claims regarding his disciplinary segregation, lost opportunities for education, assignment to administrative segregation, and transfer did not implicate constitutionally protected liberty interests. For the reasons that follow, we affirm in part, vacate in part, and remand.

We review a district court's award of summary judgment, including an award based on qualified immunity, de novo, viewing the facts and inferences reasonably drawn from those facts in the light most favorable to the nonmovant. *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012). Summary judgment is appropriate only when no genuine dispute of material fact remains and the record shows that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). Thus, to enjoy qualified immunity, Harrison must show either that no constitutional violation occurred

2

or that Rucker's purported First Amendment right was not clearly established at the time it was violated. *Id.* In evaluating whether the right was clearly established, courts look "not to whether the right allegedly violated was established 'as a broad general proposition' but whether 'it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted.'" *Raub v. Campbell*, 785 F.3d 876, 882 (4th Cir. 2015) (quoting *Saucier v. Katz,* 533 U.S. 194, 201-02 (2001)).

In awarding summary judgment to Harrison on Rucker's First Amendment retaliation claim, the district court observed that this court had not yet addressed whether inmates have a First Amendment right to be free from retaliation for filing grievances based on prison officials' misconduct and, in any event, concluded that the right was not clearly established. Thus, the district court found Harrison was entitled to qualified immunity on this claim. After the district court's order issued, in *Booker v. South Carolina Dep't of Corr.*, 855 F.3d 533 (2017), we held that the First Amendment right to be free from retaliation for filing prison grievances was clearly established at least since 2010. Harrison's alleged conduct occurred after 2010, in 2015.

In light of *Booker*, we vacate the district court's grant of qualified immunity to Harrison in his individual capacity on the First Amendment retaliation claim and remand for further proceedings consistent with this opinion. We affirm the denial of Rucker's claims against Harrison in his official capacity for the reasons stated by the district court. *Rucker v. Harrison*, No. 8:16-cv-00371-GJH (D. Md. filed Oct. 31, 2016; entered Nov. 1, 2016). We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
